KETCHUM v. PREVOST et al.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

DEPOSITS IN COURT (§ 10*)—RIGHT TO RETURN.

Where defendants deposited securities with a trust company in obedience to an interlocutory decree, and the interlocutory decree was re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

versed on appeal, and the complaint dismissed, defendants are entitled to a return of their securities, even though the appellate court refused them affirmative relief on their counterclaim.

[Ed. Note.—For other cases, see Deposits in Court, Cent. Dig. § 11; Dec. Dig. § 10.*]

Appeal from Special Term, New York County.

Action by Suzanne B. Ketchum against George D. Prevost and another. From an order denying defendants' motion for the delivery to them of certain securities deposited with a trust company in accordance with an order of court, defendants appeal. Reversed.

See, also, 156 App. Div. 477, 141 N. Y. Supp. 437.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

James A. Allen, of New York City, for appellants.
Barclay E. V. McCarty, of New York City, for respondent.

PER CURIAM. By the interlocutory judgment in this action it was adjudged that certain securities known as lots 3 and 4, should be delivered by the defendants in whose possession they were to the plaintiff. To obtain a stay of the operation of that judgment, the court at Special Term provided that these securities included in lots 3 and 4, should be deposited in the United States Trust Company of New York, to be held until five days after the service upon the Trust Company of a certified copy of the final judgment to be entered in that action. The defendants, who had possession of these securities, under this order deposited them in the United States Trust Company. The defendants then appealed from the interlocutory judgment to this court, where the interlocutory judgment was reversed and the complaint dismissed. The court held that the plaintiff had established no right to the possession of these securities as against the defendants, and final judgment was entered upon that determination dismissing the complaint. Whereupon the defendants made a motion at Special Term, asking that the Trust Company be directed to deliver these securities to the defendants. That motion was denied, and from the order denying it this appeal is taken.

These securities having been taken from the possession of the defendants by virtue of an interlocutory decree entered in this action and in pursuance of an order of the court pending an appeal from that interlocutory judgment, when that interlocutory judgment was reversed and the complaint in this action dismissed, the defendants clearly were entitled to have the possession of these securities delivered to them. There is now no action pending, and no judgment or order which justifies the court in retaining possession of these securities as against the defendants in whose possession they were when the action was commenced. The fact that this court refused to amend its order and awarded an affirmative judgment in favor of the defendants against the plaintiff on their counterclaim had no bearing at all upon this question; for, although the defendants were not entitled to an affirmative judgment to recover from the plaintiff any sum of money, the defend-

ants were entitled to be put in the same position that they were in when the action was commenced, and that involved the actual possession of these securities; and, as the judgment under which these securities were taken from the possession of the defendants has been reversed and the complaint dismissed, there is no justification for withholding from the defendants the possession of the securities.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

---

GARDINER et al. v. BRONX NAT. BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department.     July 10, 1913.)

1. EVIDENCE (§ 461*)—PAROL EVIDENCE—SHOWING INTENT OF PARTIES.
   Where an order of the board of directors of a bank did not purport to relate in any way to a contract made with the plaintiffs by the organization committee of the bank, parol evidence is inadmissible to show that it was intended to be a ratification of the resolution of the committee.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

2. BANKS AND BANKING (§ 111*)—OFFICERS—REPRESENTATIVES.
   Statements made by directors of a bank at times and places other than board meetings are not made while acting officially, and do not bind the bank.
   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 269, 270; Dec. Dig. § 111.*]

Appeal from Trial Term, New York County.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.